# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **JAMES B. SCOTT**, | NO. CV-11-3069-RMP |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PROTECTIVE ORDER; PROTECTIVE ORDER** |
| vs. | |
| **YAKIMA COUNTY SHERIFF'S OFFICE, DEPUTY SHERIFF M. STEADMAN,** and **YAKIMA COUNTY,** | |
| Defendants. | |

Before the Court is Defendant's motion, ECF No. 16, for the Court to enter a protective order to which all parties have stipulated. The parties have agreed to a procedure for review of purportedly confidential discovery in this case. The Court has reviewed the motion, the relevant filings, and is fully informed.

In light of the law regarding the sealing of court filings, the Court modifies paragraph nine of the parties' stipulated protective order to clarify the Court's understanding of the requirements of existing law in this Circuit and to

ORDER ~ 1 of 7

ensure compliance with that law as this matter proceeds. Accordingly, the Defendants' Motion for Entry of the Parties' Stipulated Protective Order Regarding Release of Confidential Information, **ECF No. 16**, is **GRANTED IN PART AND DENIED IN PART**, and the following Protective Order is entered by the Court:

### PROTECTIVE ORDER

1. The documents or other materials covered by this Stipulated Protective Order (hereinafter "Confidential Materials") are those documents or other materials produced by any party and designated "Confidential" by that party in accordance with this Stipulated Protective Order. The party designating documents or other material "Confidential" shall designate at the bottom of each document or other item as [Name of Party or designation of Party (Plaintiff or Defendant)] CONFIDENTIAL page #XXXX CONFIDENTIAL.

2. Confidential Materials and any information contained therein may not be disseminated at any time, including after this case is concluded, except in accordance with this Stipulated Protective Order. Confidential Materials and any confidential information contained therein may be used only in connection with, and for purposes of, the above-entitled litigation, and not for any other purpose including, but not limited to, use in any other litigation.

3. Within twenty-one (21) days after receiving documents or other materials designated Confidential by a producing party, a party may challenge the designation by serving written objection upon the designating party. Any such challenged documents or materials shall not be covered by this Stipulated Protective Order, unless the designating party establishes his, her, or its right to protection by order of the court upon motion of the designating party, with notice as with other non-dispositive motions under the court rules. Such motion shall be served and filed within twenty-one (21) days after receiving such objection, and if not so served and filed there shall be no obligation to keep the documents or materials confidential pursuant to this order. The documents or other materials shall be kept confidential pending a decision by the court in the event such a motion is served and filed within twenty-one (21) days. The party asserting confidentiality shall bear the burden of proof that its designation of confidentiality is proper.

4. Access to the Confidential Materials and any of the information contained therein shall be restricted to named adult parties to this proceeding, authorized representatives of a corporate party, and the attorneys of record for said parties, and any paralegal, clerical, or secretarial personnel employed by the attorneys of record in this action.

5. No copies of Confidential Materials shall be made by any party except any copies which will be submitted to the Court for motions or trial, any copies which are used as exhibits in depositions, and any additional copies deemed necessary for provision to experts or consultants, or any party's insurance carrier(s). Counsel may scan or copy Confidential Materials for use within their respective offices.

6. Individuals with access to Confidential Materials and any of the information contained therein may provide copies of Confidential Materials to experts or consultants or any party's insurance carrier(s), but only <u>after</u> such experts or consultants or insurance representatives have agreed in writing to comply with the terms of this Stipulated Protective Order. Such agreement may be evidenced by a writing by the attorney of record that such attorney has provided the expert or consultant or insurance representative with a copy of the Stipulated Protective Order and he or she has orally agreed to comply with the terms of the Stipulated Protective Order.

7. Counsel may inquire regarding Confidential Materials during depositions and introduce Confidential Materials as exhibits, but only after stating on the record that s/he intends to so inquire or that s/he intends to introduce such an exhibit. If a transcript of the deposition is ordered, the parties may designate pages of the transcript as "Confidential" in accordance

with paragraph 1 of this stipulation within twenty-one (21) days after receiving a copy of the transcript. The transcripts shall not be disclosed during the 21-day time frame for designating any portion of the transcript as "Confidential," without advance notice to and permission from all parties. Deposition exhibits containing Confidential Materials as designated herein shall remain confidential as provided herein.

8. Nothing in this order shall preclude a party from showing or disclosing to another person deposition transcripts, pleadings or briefs containing Confidential Material if the document containing such materials has been masked or redacted so that no disclosure of Confidential Material or any of the information contained therein occurs.

9. If and only if a party seeks to use Confidential Material in a pleading, the document(s) designated Confidential according to this Stipulated Protective Order and those portions of any pleading that refer directly or indirectly such Confidential Material shall be filed separately under seal when the pleading is filed. Any document(s) filed under seal pursuant to this paragraph must be accompanied by a motion to seal the document(s). Should the Court deny the motion to seal, any party shall have the opportunity to move to strike the document from the record. Documents filed as sealed by a party cannot remain sealed without further order of the Court because there is a

strong presumption in favor of public access to court documents. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Accordingly, a party seeking to seal a judicial record must so move the Court and bears the burden of overcoming the presumption. *Kamakana*, 447 F.3d at 1178. In the case of documents filed in support of a dispositive motion, the "compelling reasons" standard applies, and "[t]he party must "articulate [ ] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178–79 (internal quotations omitted). With regard to non-dispositive motions, "a particularized showing under the good cause standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material." *Kamakana*, 447 F.3d at 1180 (internal citations and quotations omitted).

10. Upon termination of this lawsuit by final judgment or dismissal, the copies of Confidential Materials provided by any party and all additional copies furnished to experts or consultants or others shall be returned to counsel for the producing party or destroyed, however counsel for each party may retain one copy which shall be kept confidential according this Stipulated Protective Order.

Modification of this Stipulated Protective Order may be made by further order of the Court upon stipulation of the parties, or upon motion of any party for good cause shown.

The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this 9th day of March 2012.

<i>s/ Rosanna Malouf Peterson</i><br>
ROSANNA MALOUF PETERSON<br>
Chief United States District Court Judge